Bradley William CONSTANTINE, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 03–35981.

D.C. No. CV–02–01496–TSZ.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2005.*

Decided March 25, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Elie Halpern & Associates, PS, Olympia, WA, for Plaintiff–Appellant.

L. Jamala Edwards, Office of the Geneal Counsel SSA, Brian C. Kipnis, USSE— Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before GOODWIN, FERNANDEZ, and GOULD, Circuit Judges.

## MEMORANDUM**

Bradley W. Constantine appeals the district court's grant of summary judgment to the Commissioner of Social Security, which upheld the Commissioner's denial of disability benefits to him. *See* 42 U.S.C. §§ 401—434, 1381—1384. We affirm.

Constantine makes a number of claims relating to the Administrative Law Judge's consideration of the evidence.[1] An ALJ's

determination must be upheld if it is supported by substantial evidence and applies the correct legal standards. *See Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001). However, if an ALJ rejects the opinion of a treating physician, the ALJ must give clear and convincing reasons if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *See Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir.1998); *Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1995); *Andrews v. Shalala,* 53 F.3d 1035, 1041— 43 (9th Cir.1995). Moreover, when an ALJ rejects a claimant's own testimony about his limitations, the ALJ must provide a "specific, cogent reason[ ] for the disbelief." *Lester,* 81 F.3d at 834 (internal quotation marks omitted); *see also Thomas v. Barnhart,* 278 F.3d 947, 958—59 (9th Cir.2002); *Rollins v. Massanari,* 261 F.3d 853, 856—57 (9th Cir.2001). Similarly, lay testimony is competent evidence and may be disregarded only if an ALJ has given reasons germane to the witness for doing so. *See Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001); *Dodrill v. Shalala,* 12 F.3d 915, 918—19 (9th Cir.1993).

■ We have reviewed the record and we agree with the district court that the ALJ met those standards. Thus, the ALJ did not err when she determined that Constantine's mental impairments were not severe and did not meet the listings, determined his residual functional capacity and his ability to work in the national economy, considered and weighed physician testimony, failed to fully credit Constantine's testimony about his own limitations, and also

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. There were actually two ALJs. After the first one decided the case, the matter was remanded for the taking of further evidence; the second ALJ heard that evidence and issued the final decision. When we refer to the ALJ, we are referring to the second one, unless otherwise noted.

gave little credence to the testimony of Constantine's wife and daughters.

 Constantine does raise one other issue, however. He claims that his due process rights were violated because when the case was remanded, the second ALJ adopted the opinion of the first ALJ, without reconsidering the evidence. No doubt Constantine was entitled to due process,[2] but his premise is wrong. The second ALJ did say that the first ALJ's decision "remains in the record as a discussion and summary of the evidence and is hereby incorporated into this decision for that purpose," but in the context of the whole opinion, that statement does not cast doubt on her assurance that she ruled "[a]fter careful consideration of the entire record."

AFFIRMED.

**2.** *See, e.g., Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

